IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GROVER VANDURAN HAIRSTON, #T0166                     PETITIONER

VS.                                  CIVIL ACTION NO. 4:11cv7-DPJ-FKB

ARTHUR L. SMITH                                     RESPONDENT

### REPORT AND RECOMMENDATION

This matter is before the court on respondent Arthur Smith's motion to dismiss (Docket No. 11) pursuant to 28 U.S.C. § 2244(d). Petitioner opposes the motion,[1] and for reasons the explained below, the undersigned recommends that the motion to dismiss be granted.

### FACTS AND PROCEDURAL HISTORY

In October 2007, Hairston was convicted of aggravated assault and possession of a firearm by a convicted felon in the Circuit Court of Lauderdale County, Mississippi. On October 23, 2007, he was sentenced to a twenty three-year term of imprisonment in the custody of the Mississippi Department of Corrections. Thereafter, on March 10, 2009, the Mississippi Court of Appeals affirmed Hairston's judgment and sentence. Hairston v. State, 4 So.3d 404 (Miss. Ct. App. 2009). The record reflects that while Hairston did seek discretionary review by the Mississippi Supreme Court, his motion was denied as untimely under Rule 40 of the Mississippi Rules of Appellate Procedure.

According to the documentation submitted in support of the motion to dismiss and not contested by petitioner, Hairston filed an "Application for Leave to Proceed in the Trial Court"

---

[1] Petitioner's opposition to the motion is styled, "Motion to Proceed with Habeas Corpus."

on June 2, 2010.  This application was denied by the Mississippi Supreme Court on August 11, 2010.  On January 18, 2011, Hairston, via the maibox rule,[2] filed in this court his current petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

## DISCUSSION

In his petition, Hairston argues that the writ of habeas corpus should be granted because there was not sufficient evidence upon which to convict him, because he received ineffective assistance of counsel at trial and on appeal and because the trial court failed to hold a hearing to determine his competency to represent himself.  Respondent did not answer the petition, but instead has moved for dismissal, arguing that Hairston's petition is untimely.  In light of the court's conclusion that the Respondent's motion should be granted, it will not address the substantive issues presented in Hairston's petition.

Turning to the motion to dismiss, Respondent points to the revised 28 U.S.C. § 2244(d) as the basis for his motion.  Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

---

[2] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it.  See United States v. O'Kaine, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)."  Punch v. State of Louisiana, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

2

>> the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Because Hairston filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition.  Asserting that Hairston's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), Respondent argues that Hairston's petition is untimely.  According to Respondent, Hairston had until March 24, 2010, to timely file his petition, and, instead, he filed it in this court on January  18, 2011.  The court's review of the relevant dates demonstrates that Respondent is correct.

As previously stated, the Mississippi Court of Appeals affirmed Hairston's judgment and sentence on March 10, 2009.  By failing to timely seek discretionary review as provided by Rule 40, Hairston "stopped the appeal process" and was unable, even if he had been so inclined, to pursue further direct review by either the Mississippi Supreme Court or by the United States Supreme Court.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).  Petitioner's conviction became final, and the statute of limitations for filing federal habeas relief began to run, on March 24, 2009, fourteen days after the Mississippi Court of Appeals affirmed.  See M.R.A.P. 40(a) (allowing fourteen days to file a petition for rehearing in the state court after direct appeal is affirmed).

Under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2),[3] Hairston's application for a writ of habeas corpus was due to filed in this Court by March 24, 2010. Instead, the petitioner filed his petition for writ of habeas corpus on January 18, 2011. 2009. Thus, Hairston's petition is untimely under 28 U.S.C. § 2244. Hairston, however, asserts that in August of 2007, he suffered head trauma which resulted in "time to time memory loss" and "blood clots on his brain" and that his injury caused him to be late filing his petition. Docket No. 14, p.1. The United States Supreme Court and the Fifth Circuit have recognized equitable tolling in extraordinary and exceptional circumstances. See Holland v. Florida, 130 S. Ct. 2549, 2562-63 (2010); Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). The Fifth Circuit has indicated that mental incompetency might be a basis for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Hairston, however, has not provided any medical records reflecting that he had any mental incompetency during the year from March 2009 until March 2010. More significantly, Hairston filed documents in his state court case in 2009. The docket sheet from his state court case indicates Hairston filed a letter motion on March 27, 2009, seeking additional time to file a motion for rehearing. After the state court denied that motion on April 1, 2009, Hairston filed a petition for a writ of certiorari on April 20, 2009, which was denied on May 27, 2009. Hairston was therefore capable of pursuing relief in 2009, well before his March 2010 deadline for filing his petition in this court.

## CONCLUSION

---

[3] Because Hairston's application for post-conviction relief in the state court was filed after the deadline for filing his federal habeas petition in this court, it cannot serve to toll the AEDPA's one-year statute of limitations. Scott v. Johnson, 227 F. 3d 260, 263 (5th Cir. 2000) (state habeas application "did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired") (emphasis in original).

Accordingly, for the reasons stated above, respondent's motion to dismiss should be granted, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 29th day of June, 2011.

    s/F. Keith Ball
UNITED STATES MAGISTRATE JUDGE