IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GROVER VANDURAN HAIRSTON, #T0166                                              PETITIONER

VS.                                                          CIVIL ACTION NO. 4:11cv7-DPJ-FKB

STATE OF MISSISSIPPI, ET AL.                                                 RESPONDENTS

ORDER

This habeas corpus petition is before the Court for consideration of a June 30, 2011, Report and Recommendation [19] in which the Magistrate Judge recommended granting Respondent's Motion to Dismiss [11].  Plaintiff has filed Objections [21] and a Motion for Reconsideration [24] that tracks his Objections.  Having fully considered the premises, the Court finds that the Report and Recommendation should be adopted, that Respondent's Motion to Dismiss should be granted, and that Petitioner's Motion for Reconsideration should be denied because there was nothing at that point to reconsider.  All other motions are denied as moot.

The sole issue is whether Petitioner Grover Hairston timely filed.  As the Magistrate Judge correctly noted, 28 U.S.C. § 2244(d) provides a one-year deadline that expired March 24, 2010, and Hairston did not file until January 18, 2011.  The Report and Recommendation rejected Hairston's unsupported claim that head trauma in August 2007 created a basis for tolling, and Hairston's Objections make no reference to that recommendation.  Hairston does, however, offer two arguments that the Court will address:  (1) that his Petition was timely under the mailbox rule; and (2) that his "right to a discretionary review by the Appeal Court Mississippi should have been granted for an additional time."  Pet.'s Obj. [24] at 1–2.

Starting with the mailbox rule, the date when prison officials receive pleadings from an inmate for delivery to the court is considered the time of filing for limitations purposes.  *Cooper*

*v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). According to Hairston, his Petition is timely because he delivered an Inmate Legal Assistance Program Request (ILAP) Form to prison officials on March 24, 2009—one year before the statute ran. But the ILAP Form he attached merely asked officials to notarize certain documents. *See* Pet.'s Obj. [21], Ex. A. It sought no assistance with filing his Petition and would not, therefore, trigger the mailbox rule.

Hairston's second contention expressly references § 2244(d)(2) and asks the Court to toll because the "Appeal Court Mississippi" should have granted additional time for "discretionary review." Pet.'s Obj. [24] at 1–2. According to the record, on July 9, 2010, Hairston filed an "Application for Leave to Proceed in the Trial court" which attached a motion for post-conviction relief. Res. Mot. to Dismiss [11], Ex. E. The Mississippi Supreme Court denied the application on August 11, 2010, on procedural grounds while also addressing the merits of certain claims. *Id*., Ex. F. Even if this application could be viewed as "properly filed," Hairston filed it after § 2244(d)'s statute of limitations expired. Thus, the application occurred too late to toll. *See Gordon v. Dretke*, 107 F. App'x 404, 406 (5th Cir. 2004) (refusing to toll where petitioner sought post-conviction relief "after the one-year period had expired.").[1]

---

[1] Read liberally, it is possible that Hairston's reference to the denial of time by the "Appeal Court Mississippi" relates to the Mississippi Court of Appeals's denial of his untimely motion for time to file direct appeal. His references to § 2244(d)(2) and "discretionary review" make this reading unlikely, but such an argument would likewise fail. The Mississippi Court of Appeals rejected Hairston's untimely motion for more time to file direct— not discretionary— appeal. Res. Mot. to Dis. [11], Ex. C. The Mississippi Supreme Court likewise rejected an untimely direct appeal. *Id*. at Ex. D. Neither the untimely motion nor the untimely direct appeal toll under § 2244(d)(2) because they did not relate to collateral or post-conviction relief. Even if they did, they were not "properly filed." *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (reaffirming that untimely petitions for post-conviction relief in state court are not "properly filed") (*citing Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). And finally, even if these submissions could toll under § 2244(d)(2), or delay the deadline under § 2244(d)(1), the time that Hairston's untimely direct-appeal motions remained pending was substantially less than the delinquency in filing his Petition.

IT IS, THEREFORE, ORDERED that Plaintiff's Objections to the Report and Recommendation are hereby overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge F. Keith Ball entered on June 30, 2011, is adopted as the finding of this Court. Respondent's Motion to Dismiss [11] is GRANTED. Petitioner's Motion for Reconsideration [24] is DENIED. All other motions are DENIED AS MOOT. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 18th day of January, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE